## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIR CEA G. MAI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : Civ. Action No. 23-309-GBW | |
| | : | |
| STAFF LT. DEAN J. | : | |
| BLADES, et al., | : | |
| | : | |
| Defendants. | : | |

_____

Sir Cea G. Mai, Sussex Correctional Institution, Georgetown, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 7 , 2023
Wilmington, Delaware

**WILLIAMS, United States District Judge:**

## I.   INTRODUCTION

Plaintiff Sir Cea G. Mai, an inmate at Sussex Correctional Institution

("SCI") in Georgetown, Delaware, filed this action pursuant to 42 U.S.C. § 1983.

(D.I. 1).  Plaintiff appears *pro se* and has been granted leave to proceed *in forma*

*pauperis*.  (D.I. 5).  The Court proceeds to review and screen the Complaint,

pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II.   BACKGROUND

Plaintiff names thirty-two Defendants and brings eleven claims, including

free exercise of religion claims, deliberate-indifference medical claims, a claim

based on failure to award promised good time credit, claims based on

discriminatory deprivation of education and programming, an apparent equal

protection claim regarding religious practice, and apparent due process claims

based on destruction of personal property.  He requests two million dollars in

damages, and a long list of injunctive relief related to his various claims.  He

includes approximately 160 pages of exhibits.

## III.   SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the

screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening

2

provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that

3

requires the reviewing court to draw on its judicial experience and common sense."

*Id.*

Rule 8(d)(1) states, in pertinent part, that "[e]ach allegation must be simple,

concise and direct." Rule 20(1)(a)(2), which is also applicable, states, in pertinent

part, as follows:

> Persons may . . . be joined in one action as defendants if any right to
> relief is asserted against them jointly, severally, or in the alternative
> with respect to or arising out of the same transaction, occurrence, or
> series of transactions or occurrences; and any question of law or fact
> common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(A) and (B).

"In exercising its discretion [to join parties], the District Court must provide

a reasoned analysis that comports with the requirements of the Rule, and that is

based on the specific fact pattern presented by the plaintiffs and claims before the

court." *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009); *see also Boretsky v.*

*Governor of New Jersey*, 433 F. App'x 73 (3d Cir. May 25, 2011).

## IV.   Discussion

The Complaint contains unrelated claims against unrelated defendants in

violation of Fed. R. Civ. P. 20(a). While joinder is encouraged for purposes of

judicial economy, the "Federal Rules do not contemplate joinder of different

actions against different parties which present entirely different factual and legal

4

issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). Plaintiff asserts a whole host of unrelated claims. Most of the claims do not arise out of the same transaction or occurrence or series of transactions or occurrences. In addition, the claims do not involve issues of law or fact common to all Defendants.

Based upon the foregoing discussion, the Complaint will be dismissed without prejudice as noncompliant with Fed. R. Civ. P. 20. *See, e.g., Parkell v. Linsey*, 2017 WL 3485817, at *3-4 (D. Del. Aug. 14, 2017) (no logical relationship as to claims relating to an illegal strip search, interference with legal mail, First Amendment religious discrimination, and Eighth Amendment medical needs); *Fatir v. Markell*, 2016 WL 5946870, at *5 (D. Del. Oct. 12, 2016) (similar); *Crichlow v. Doe*, 2012 WL 1673004, at *2 (D. Del. May 11, 2012) (similar); *Drumgo v. Burris*, 2012 WL 1657196, at *2 (D. Del. May 9, 2012) (similar).

Plaintiff will be given an opportunity to file an amended complaint. He is cautioned that the amended complaint must comply with Rule 20 and involve only related claims or parties. Thus, to the extent that Plaintiff believes that he has been subjected to more than one violation of his rights, and to the extent that these violations are unrelated to each other, he should file **separate complaints** addressing each violation along with separate motions to proceed *in forma*

5

*pauperis*. "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185 (M.D. Pa. 1992).

Plaintiff is warned that the inclusion of separate, unrelated claims will be considered a failure to comply with this Court's order and will result in dismissal of the Complaint. See Fed. R. Civ. P. 20. In addition, the amended complaint or new complaints filed in compliance with this order shall not include new claims. Finally, the failure to file an amended complaint within the specified time period will result in dismissal of the action for failure to comply with an order of court.

## V.   CONCLUSION

For the above reasons, the Court will dismiss the Complaint without prejudice for failure to comply with Fed. R. Civ. P. 20. Plaintiff will be given leave to amend. Plaintiff's pending motions will be denied as moot.

An appropriate order will be entered.

6